United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-50999

—————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ERIK CHRISTIAN PINKSTON

Defendant - Appellant

—————————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
No. SA-01-CR-399-ALL-EP

—————————————————————————————————————————————

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]
District Judge.

PER CURIAM:[**]

    After a jury trial, Defendant Erik Christian Pinkston was
convicted of bank robbery under 18 U.S.C. § 2113(a); armed bank
robbery under 18 U.S.C. § 2113(b) and (d); and using, carrying,
and brandishing a firearm in furtherance of a crime of violence
under 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced

————————————————————

    [*]    District Judge for the Northern District of Texas,
sitting by designation.

    [**]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Pinkston to the seven-year mandatory minimum for the third crime, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).  Pinkston appeals this aspect of his sentence, claiming that the judge's instructions to the jury improperly conflated the meaning of "brandishing" a firearm, which carries a seven-year penalty, with the meaning of "using" a firearm, which carries only a five-year penalty under the statute.

We review jury instructions under an abuse of discretion standard, affording district courts "substantial latitude," and upholding instructions that, when viewed as a whole, accurately reflect the law and issues in the case.  United States v. Young, 282 F.3d 349, 353 (5th Cir. 2002).  Here, the district court instructed the jury that a conviction under § 924(c)(1)(A) is proper when the defendant "used" a firearm in his crime:

> [T]he government must prove that the defendant actively employed the firearm in commission of [a crime]. . . . "Active employment" may include brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm.  Use is more than mere possession of a firearm or having it available during the crime of violence.

This instruction carefully tracks the Supreme Court's language in Bailey v. United States, 516 U.S. 137, 148 (1995); therefore, it was not improper.

In addition, the district court submitted the question of whether Pinkston "brandished" a firearm during this offense as a

special issue to the jury,[1] instructing:

> The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

This language mirrors the statutory definition for "brandish" found in 18 U.S.C. § 924(c)(4).

Nevertheless, Pinkston claims that the latter instruction was too broad, because it would encompass every situation in which the defendant has "used" a firearm under § 924(c)(1)(A). We disagree. A defendant who barters a gun while committing a predicate crime has "used" a gun under § 924(c)(1)(A), see Smith v. United States, 508 U.S. 223 (1993), yet he would not qualify as "brandishing" his weapon under the definition in § 924(c)(4) because he did not display the firearm "in order to intimidate" another. Thus, it is not true, as Pinkston asserts, that the term "brandish" has become mere surplusage by virtue of the statutory definition Congress created. We therefore conclude that the district court did not abuse its discretion with respect to this jury instruction.

The defendant's conviction and sentence are AFFIRMED.

---

[1] Pinkston's trial took place before the Supreme Court announced, in Harris v. United States, that whether a defendant "brandished" a firearm under § 924(c)(1)(A)(ii) is a sentencing factor that may be decided by a judge, rather than a jury. 536 U.S. 545, 568-69 (2002).